UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICAH A. RANDALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:18-cv-01195 |
| PAMELA ANDERSON TAYLOR, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Micah Randall filed a pro se Amended Complaint under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (Doc. No. 30.) Defendants filed a Motion to Dismiss (Doc. No. 33), Plaintiff filed a Response (Doc. No. 36), Defendants filed a Reply (Doc. No. 37), and Plaintiff filed a Sur-reply (Doc. No. 39). Before the Court is a Report and Recommendation ("R&R") that recommends granting the Motion to Dismiss. (Doc. No. 42.) Plaintiff filed Objections (Doc. No. 43) and Defendants filed a Response (Doc. No. 44). The Court has conducted a *de novo* review in accordance with Rule 72 of the Federal Rules of Civil Procedure and agrees with the recommended disposition. Accordingly, this action will be dismissed.

**I.     Background**

The Court need not repeat the full background summarized in the R&R. (Doc. No. 42 at 1–4.) In short, Plaintiff alleges that he had a business relationship with Ronna Lyn Ueber in October 2015. (Doc. No. 30 at 6, 16.) At the time, Ms. Ueber was married to Anthony James Ueber, a named Defendant in this case. (Id. at 9, 17.) Ms. Ueber filed for divorce shortly thereafter. (Id. at 17; Doc. No. 30-2 at 5; Doc. No. 30-6 at 1–2.) In the divorce proceedings, four attorneys named as Defendants in this case ("Attorney Defendants") represented Mr. Ueber. (Doc. No. 30

at 2, 9, 13, 34–36; Doc. No. 30-2 at 5; Doc. No. 30-6 at 1.) Mr. Ueber and the Attorney Defendants collected information about Plaintiff using public records, private investigators, and subpoenas to financial institutions. (Doc. No. 30 at 3, 5–6, 13–14, 17–21, 24–27, 34, 37, 39–42.) The Attorney Defendants also disclosed Plaintiff's information to several parties, including Mr. Ueber, Ms. Ueber, the Tennessee Board of Professional Responsibility, and others. (Id. at 32–34, 41–42.)

**II.    Analysis**

Plaintiff sued Mr. Ueber and the Attorney Defendants under the FCRA. (Doc. No. 30.) The Magistrate Judge concluded that Plaintiff fails to state a claim under the FCRA because the Amended Complaint does not allege sufficient facts to establish that Defendants acted as a consumer reporting agency ("CRA"). (Doc. No. 42 at 7–11.) This conclusion rests on two points of law: first, to be considered a CRA, an "entity must regularly assemble or evaluate consumer information 'for the purpose of furnishing consumer reports to third parties . . . .'" (id. at 8 (quoting 15 U.S.C. § 1681a(f)); and second, to constitute a consumer report, the collected information must be "'used or expected to be used or collected . . . for . . . '" certain purposes enumerated by statute (id. at 9 (quoting 15 U.S.C. § 1681a(d)(1)). Applying this law to the allegations at hand, the Magistrate Judge concluded that Defendants did not collect Plaintiff's information for a purpose enumerated by statute. (Id. at 9–10.) Hence, the collected information did not amount to a consumer report, and Defendants cannot be considered a CRA. (Id. at 10–12.)

Plaintiff asserts several disagreements with the R&R that are unrelated to this core legal conclusion. (See Doc. No. 43 at 2–4, 6, 8–10, 22–24.) As relevant to the discrete legal question here, however, Plaintiff essentially makes two arguments. First, he disputes a legal premise set forth above—that collected information only amounts to a consumer report if it is "used or expected to be used or collected . . . for . . ." a purpose enumerated in 15 U.S.C. § 1681a(d)(1).

(Doc. No. 43 at 11.) This argument is without merit, as the Magistrate Judge clearly and accurately stated the applicable law. See 15 U.S.C. § 1681a(d)(1), (f).

Second, Plaintiff argues that the Amended Complaint does, in fact, include allegations that Defendants collected his information for a purpose enumerated by statute. (Doc. No. 43 at 11–21.) Specifically, Plaintiff argues that Defendants collected his information to cause financial and emotional injury. (Id. at 16, 18, 21.) As explained below, this argument is also unavailing.

As to emotional injury, the Magistrate Judge noted Plaintiff's allegation that Defendants collected his information "for the purpose of harassing persons, harming persons, and/or achieving certain desirable outcomes for themselves and/or their clients." (Doc. No. 43 at 9 (quoting Doc. No. 30 at 5).) The Magistrate Judge determined that this is not an enumerated purpose under Section 1681a(d)(1). (Doc. No. 42 at 9.) Plaintiff concedes as much. (Doc. No. 43 at 14.) Accordingly, Plaintiff's argument that Defendants collected his information to cause him emotional injury by harassing him and/or obtaining a desirable outcome for their client does not establish that the collected information amounts to a consumer report.

As to financial injury, the Magistrate Judge noted Plaintiff's attempt to draw a "tenuous connection between communication of [Plaintiff's] consumer information and 'employment purposes' under 15 U.S.C. § 1681a(d)(1)(B)." (Doc. No. 42 at 9 (footnote omitted).) But as the Magistrate Judge concluded, the Amended Complaint does not support such a connection.

"The term 'employment purposes' when used in connection with a consumer report means a report used for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee." 15 U.S.C. § 1681a(h). While Plaintiff repeatedly alleges that Defendants caused him financial harm and forced him to move back to his home state of Oregon (Doc. No. 30 at 3, 5–7, 10–11, 18–19, 29–30, 36, 39), he nonetheless alleges that he continued to

perform work for Ms. Ueber's company, Coastal, Inc. (id. at 19, 41). Thus, as the Magistrate Judge aptly explained, Plaintiff's allegations are not consistent with the proposition that Defendants gave Plaintiff's information to Ms. Ueber for the purpose of evaluating him as an employee or business partner. (Doc. No. 42 at 9–10.) Rather, Plaintiff alleges that Defendants collected information for the purpose of "harming him and advancing Mr. Ueber's position in [the] divorce" proceedings. (Doc. No. 42 at 10; see also Doc. No. 30 at 36 (alleging that Defendants collected Plaintiff's information "to achieve certain legal outcomes for [Mr. Ueber]").) Accordingly, Plaintiff has not alleged facts establishing that the collected information amounts to a consumer report.

Arguing to the contrary, Plaintiff cites Berman v. Parco, 986 F. Supp. 195, 213–15 (S.D.N.Y. 1997). (Doc. No. 43 at 11–14.) But Berman is plainly distinguishable. There, the relevant information was originally collected for use in consumer credit transactions, even though it was later obtained for another use. Id. at 213. Here, by contrast, Plaintiff does not allege that Defendants collected his information for use in consumer credit transactions, or for any other purpose enumerated in 15 U.S.C. § 1681a(d)(1). Plaintiff, therefore, fails to state a claim under the FCRA as a matter of law.

**III. Conclusion**

For these reasons, the R&R (Doc. No. 42) is **APPROVED** and Defendants' Motion to Dismiss (Doc. No. 33) is **GRANTED**. This action is **DISMISSED WITH PREJUDICE**.

This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE